```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF KENTUCKY
```
                              **LEXINGTON**

| | |
|---|---|
| In re: ) | |
| ) | |
| KENTUCKY PROCESSING COMPANY, ) | Civil Action No. 5:05-235-JMH |
| fdba FOX MINING CORPORATION ) | |
|      FOX PROCESSING CORPORATION ) | |
|      FOX TRUCKING CORPORATION ) | |
|      FOX LEASING CORPORATION ) | |
|      G&Y COAL CO., INC. ) | **MEMORANDUM OPINION AND ORDER** |
|      ADENA FUELS, INC. ) | |
|      ADENA PROCESSING, INC. ) | |
|      CLEMONS COAL COMPANY ) | |
|      KENTUCKY MINERAL ) | |
|      PROCESSING, INC. ) | |
| ) | |
|      Debtor. ) | |
| ) | |
| FOX TROT PROPERTIES, LLC, ) | |
| ) | |
|      Appellant/Defendant, ) | |
| ) | |
| v. ) | |
| ) | |
| DLX, INC., ) | |
| ) | |
|      Appellee/Plaintiff. ) | |

                    **    **    **    **    **

This action is before the Court on appeal from the order of Bankruptcy Judge Joe Lee, United States Bankruptcy Judge for the Eastern District of Kentucky, granting relief in favor of Appellee DLX, Inc. and denying relief to Appellant Fox Trot Properties, LLC. Appellant filed a brief [Record No. 5], to which Appellee responded [Record No. 7] and Appellant replied [Record No. 8]. The matter is now ripe for a decision.

                         **I. FACTUAL BACKGROUND**

The parties dispute the ownership of a piece of real property

known as the "Refuse Pile Tract" located in Estill County, Kentucky. South-East Coal Company ("South-East") acquired this tract as well as other property in 1957 and 1958 and utilized the tract in its coal processing operations. This property still contains a large pile of coal rejects. On October 17, 1990, South-East filed a Chapter 11 bankruptcy petition; thereafter, the bankruptcy court entered an order authorizing the sale of substantially all of South-East's assets outside the ordinary course of business. On March 14, 1993, South-East executed a deed conveying to DLX tracts of real property located in Estill County, Kentucky (the "1993 deed"). Both parties in this action agree that this 1993 deed did not include the majority of the Refuse Pile Tract at issue in this case. A year later, on March 15, 1994, DLX entered into a lease agreement with Kentucky Processing Company, a Kentucky partnership ("Old KPC"), in which Old KPC would lease certain Estill County property outlined in orange on Exhibit 1(a) to the lease agreement. The outer boundary of the leasehold is identical to the boundary of the permit that allows for coal preparation and loading. The Refuse Pile Tract was not within the property outlined in orange on this exhibit; therefore, it was not leased by Old KPC.

   Paragraph 24 of the lease agreement described how the lessee, Old KPC, could exercise its option to purchase the "Leased Property" and/or certain "Option Property"; it provides in

pertinent part:

    24. Lessee's Option to Purchase.

        (a) During the initial or any renewal term, and for a period of six (6) months after the termination of, this Lease, the Lessee shall have the continuing option to purchase, at any time and from time to time, all or any part of the Leased Property and/or all or any part of the property of the Lessor described in and highlighted in yellow on the Asset Register including all equipment, spare parts, replacement parts and accessories related to or used in connection with the coal loadout, transportation and preparation, and the railcar repair and machine shop, operations of the Lessor, wherever located and whether or not described in the Asset Register, or acquire the Lessor's rights in and to the permits highlighted in yellow on list entitled "Status of DLX Permit Transfers" attached to the Asset Register (collectively, the "<u>Option Property</u>"), which the Lessee will identify at such times that the Lessee exercises the option to purchase, for the price or consideration described in Schedule 24(a), reduced by any amount received or to be received by the Lessor pursuant to Paragraph 14 of this Lease. Notwithstanding the foregoing, the Option Property shall not include the property of the Lessor that is described in and outlined in blue on the Asset Register. The exercise of any option to purchase shall not precluded (sic) the Lessee from subsequently exercising any other option or options hereunder.

        (b) The option to purchase shall be exercised by the Lessee giving the Lessor written notice thereof identifying the Option Property which it elects to purchase and specifying the date, time and place for delivery of the deed and the bill of sale for the Option Property. All instruments of conveyance shall contain the full covenants and warranties found in a general warranty deed free and clear of all liens, claims and encumbrances and rights of third parties. The deed shall be in proper statutory form for recording.

Pursuant to Paragraph 24, Old KPC could elect to purchase all or any part of the property DLX highlighted in yellow on the Asset Register. Paragraph 24(b) instructs Old KPC to exercise this

option by giving DLX written notice that (1) identifies the Option Property it elects to purchase and (2) specifies the date, time, and place for delivery of the deed and bill of sale for the Option Property.  In a deed dated August 4, 1994 (the "1994 deed"), DLX conveyed real property located in Estill County, Kentucky to Old KPC.  Nearly two weeks later, on August 17, 1994, Old KPC signed that deed.  Old KPC sent DLX a Notice of Election of Option to Purchase dated August 17, 1994, in which Old KPC states that it "elects to purchase all of the Option Property" as defined in the lease agreement, except certain personal property specified in an attachment to that notice.  The notice states that DLX "shall deliver" to Old KPC "appropriate deeds, bills of sale and/or assignments for the Option Property, conveying good and marketable title thereto, free and clear of all liens, encumbrances and rights of others, immediately upon receipt of this notice."  In a deed of correction dated October 18, 1994, the name of the grantee on the August 4, 1994 deed, Kentucky Processing Corporation, was corrected to reflect the true name of the grantee, Kentucky Processing Company.  Other than this deed of correction, Old KPC never requested or received any additional deeds from DLX regarding the Option Property.

In 1998, Old KPC, a general partnership, was incorporated ("New KPC").  Later that year on September 25, 1998, New KPC filed a petition for relief under Chapter 11.  DLX learned that the

4

Refuse Pile Tract was to be offered for sale at auction by New KPC in its Chapter 11 bankruptcy proceeding. Upon receiving permission from the bankruptcy court to obtain a survey of the Estill County property, DLX surveyed the land, reviewed the March 14, 1993 deed from South-East to DLX, and discovered that the 1993 deed did not include all of the Refuse Pile Tract. DLX found that the 1993 deed did not describe one parcel and specifically excluded another parcel that together comprise the majority of the Refuse Pile Tract. The descriptions of parcels of property in the 1993 deed from South-East to DLX are identical to the descriptions in the 1994 deed from DLX to Old KPC. At the auction, after the bidders were made aware of (1) the dispute over the Refuse Pile Tract and (2) the fact that only the property actually owned by New KPC was being offered for sale, Appellant Fox Trot Properties, LLC ("Fox Trot") successfully bid on New KPC's property. Unable to resolve the dispute over the ownership of the Refuse Pile Tract with Fox Trot, DLX filed this adversary proceeding in the bankruptcy court on July 20, 2001.

In its complaint, DLX sought reformation of the August 4, 1994 deed and the October 18, 1994 deed of correction to show that the entire Refuse Pile Tract was excluded from the conveyance and that the eastern boundary of the Refuse Pile Tract is contiguous to part of the western boundary of the leasehold as shown on Exhibit 1(a) to the lease. DLX also sought reformation of the deed to reserve

5

for itself a right of way to the Refuse Pile Tract from State Route 1840.

In response, Fox Trot sought reformation of the 1994 deed as well, but it claimed that DLX intended to convey and Old KPC intended to purchase the entire Refuse Pile Tract. Fox Trot argued that the 1993 transaction in which South-East intended to transfer and DLX intended to purchase the Refuse Pile Tract was identical to the 1994 transaction between DLX and Old KPC. On November 27, 2002, Fox Trot and DLX entered into an agreed order in which they stipulated that, despite the exclusion of the majority of the Refuse Pile Tract in the 1993 deed, South-East and DLX intended to include the entire Refuse Pile Tract in their transaction. Fox Trot pointed to the identical descriptions of the Estill County parcels in the 1993 and 1994 deeds and claimed that DLX and Old KPC intended to include the Refuse Pile Tract in the 1994 transaction even though the parcel descriptions in the 1994 deed did not describe one parcel and specifically excluded another parcel that together make up the majority of the Refuse Pile Tract. Fox Trot argued that Old KPC's August 17, 1994 Notice of Election of Option to Purchase evidenced Old KPC's intent to purchase the Refuse Pile Tract.

The bankruptcy court reserved ruling on the parties' cross motions for summary judgment until after trial. In its May 4, 2005 order, the bankruptcy court concluded that the transfer of DLX's

6

assets to Old KPC pursuant to the 1994 deed did not include the Refuse Pile Tract, that parts of the Refuse Pile Tract were inadvertently conveyed to Old KPC, that the boundary of the Refuse Pile Tract should be reformed to correct that inadvertent conveyance, and that DLX retained a right of way across the land transferred to Old KPC in order to reach the Refuse Pile Tract. The bankruptcy court found that the evidence submitted by DLX in support of its argument to reform the deed was of such quantity and quality as to rise to the level of being clear and convincing.

On appeal, Fox Trot argues that the bankruptcy court erred by ignoring certain statements in the agreed facts section of the parties' November 27, 2002 agreed order. Fox Trot claims that DLX stipulated to Old KPC's intent to purchase the Refuse Pile Tract. Due to this oversight, Fox Trot argues, when the bankruptcy court made findings that were inconsistent with the parties' stipulations, it committed reversible error.

## II. STANDARD OF REVIEW AND JURISDICTION

Pursuant to 28 U.S.C. § 158(a)(1), this Court has jurisdiction to hear the appeal of the bankruptcy court's May 4, 2005 final order. The Court reviews the bankruptcy court's findings of fact under a clearly erroneous standard. *Kennedy v. Mustaine* (*In re Kennedy*), 249 F.3d 576, 579 (6th Cir. 2001). "A factual finding will only be clearly erroneous when, although there is evidence to support it, 'the reviewing court on the entire evidence is left

7

with the definite and firm conviction that a mistake has been committed.'" *United States v. Ayen*, 997 F.2d 1150, 1152 (6th Cir. 1993) (citations omitted). The Court reviews the bankruptcy court's conclusions of law de novo. *WesBanco v. Bank Barnesville v. Rafoth (In re Baker & Getty Fin. Servs., Inc.)*, 106 F.3d 1255, 1259 (6th Cir. 1997) (citing Fed. R. Bankr. P. 8013); *Luper v. Columbia Gas (In re Carled, Inc.)*, 91 F.3d 811, 813 (6th Cir. 1996) (citing *Hardin v. Caldwell (In re Caldwell)*, 851 F.2d 852, 857 (6th Cir. 1988)).

### III. DISCUSSION

Both DLX and Fox Trot claim an interest in the Refuse Pile Tract and each asked the bankruptcy court for reformation of the 1994 deed and 1994 deed of correction. Under Kentucky law, a party seeking reformation must prove by clear and convincing evidence that a "mutual mistake" occurred. *Deskins v. Leslie*, 387 S.W.2d 596, 597 (Ky. 1965). "[R]eformation of a deed may be granted only if the mistake is mutual . . . the evidence is clear, convincing and beyond reasonable controversy, and it is shown that the parties had actually agreed upon terms different from those appearing in the written instrument." *Pressley v. Morton*, 325 S.W.2d 81, 83 (Ky. 1959).

DLX argues that although the 1994 deed inadvertently included

8

minor parts of the Refuse Pile Tract,[1] Old KPC and DLX agreed that the entire tract would be excluded from the transaction. Conversely, Fox Trot argues that although the 1994 deed inadvertently excluded the Greater Part of the tract from the transaction, the parties agreed that the entire tract would be included. In order for the judgment in favor of DLX to survive review, DLX must have proved by clear and convincing evidence that both DLX and Old KPC intended, at the time the Estill County parcels were conveyed, something other than what is reflected in the 1994 deed, that is, that they intended that the border of the Refuse Pile Tract be identical to the border of the leasehold.

Fox Trot claims that in the agreed order of November 27, 2002, the parties stipulated that Old KPC intended to purchase the Refuse Pile Tract and that following entry of that order, it was unnecessary for Fox Trot to present additional evidence of Old KPC's intent to purchase the Refuse Pile Tract. Essentially, Fox Trot claims that the bankruptcy court erred by failing to recognize that the parties had stipulated to Old KPC's intent to purchase the

---

[1] DLX explains this by naming the major part of the Refuse Pile Tract that was not included in the deed as the "Greater Part." In the section titled "<u>Parcel II</u> (<u>Nellie Osborne Tract</u>)," the 1994 deed describes land that includes the southern half of the Greater Part of the Refuse Pile Tract, but then excepts the southern half from the description. There is no description of the northern half of the Greater Part of the Refuse Pile Tract in the 1994 deed. Parts of Parcel II, Parcel III, and Parcel V overlap the rest of the Refuse Pile Tract, and DLX asked that the deed be reformed so that the boundary would be identical to the permit and leasehold boundary.

9

Refuse Pile Tract.

Fox Trot refers to two paragraphs in the November 27, 2002 agreed order:

> 1. Kentucky Processing Company ("KPC") is a Chapter 11 debtor in possession in the above captioned bankruptcy case (the "KPC Bankruptcy"). KPC's approved plan of liquidation provided for the auction sale of all of KPC's assets. KPC believed and represented that its property included an interest in a pre-law refuse pile and a right of way thereto (the "Refuse Pile Tract"), which was included as part of the assets for sale in the liquidation plan.
> 2. KPC believed it purchased the Refuse Pile Tract from DLX, Inc. ("DLX") pursuant to the exercise of an option agreement in a lease and the transfer of a deed, all in 1994 (the "1994 KPC Deed"). DLX claims it is the owner of the Refuse Pile Tract and filed this adversary proceeding.

Fox Trot argues that based on that stipulation, the bankruptcy court could not find that DLX had produced clear and convincing evidence that Old KPC did not intend to purchase the Refuse Pile Tract.

The paragraphs to which Fox Trot refers do not show that the bankruptcy court erred by finding that Old KPC did not intend to purchase the Refuse Pile Tract. The first line of the first paragraph defines "KPC" as "a Chapter 11 debtor in possession in the above captioned bankruptcy case." The parties have described two businesses that used the name Kentucky Processing Company: Old KPC, the partnership that was a party to the 1994 transaction, and New KPC, a corporation and the debtor in the bankruptcy proceeding. The "KPC" referred to in the first paragraph is clearly New KPC

because the entire paragraph only discusses the bankruptcy proceeding. The last sentence of the first paragraph describes how "KPC believed and represented that its property included an interest in a pre-law refuse pile and a right of way thereto (the "Refuse Pile Tract"), which was included as part of the assets for sale in the liquidation plan." To the Court's knowledge, Old KPC never had a liquidation plan, so this sentence must refer to the bankruptcy debtor, New KPC. This first paragraph does not state that Old KPC intended to purchase the Refuse Pile Tract in 1994.

Even if the Court overlooks the definition of KPC as a bankruptcy debtor and the context of the first paragraph and substitutes "Old KPC" for simply "KPC," the statements remain unsupportive of Fox Trot's case. Fox Trot points to the following language: "KPC believed and represented that its property included an interest in a pre-law refuse pile and a right of way thereto . . . ." But because Old KPC purchased the land surrounding the Refuse Pile Tract, it is nonsensical for the parties to stipulate that Old KPC intended to purchase a right of way over its own land. In the second paragraph, the first sentence states that "KPC believed it purchased the Refuse Pile Tract from DLX, Inc." The second sentence states, "DLX claims it is the owner of the Refuse Pile Tract and filed this adversary proceeding." If, as Fox Trot argues, the first sentence of the second paragraph shows that the parties stipulated to Old KPC's intent to purchase the tract, then

11

it follows that the second sentence of the second paragraph, in which DLX claims it is the owner of the tract, shows that the parties stipulated as to DLX's intent *not* to convey the tract to Old KPC. By Fox Trot's reasoning, each party stipulated away its ability to prevail by entering into the agreed order.

As noted by the bankruptcy court, this agreed order was entered into so that the 1993 deed between South-East and DLX could be corrected, "a necessary step in the chain of title in order to present to the court for determination the question of whether DLX, Inc. should be compelled to transfer title to [the] tracts underlying the disputed refuse pile tract to Fox Trot." Two sentences of the agreed facts section of an agreed order that primarily deals with (1) correcting the 1993 deed and (2) listing the remaining issues in the adversary proceeding did not preclude the bankruptcy court from finding that Old KPC did not intend to purchase the disputed tract.

Furthermore, it is clear that Fox Trot itself did not interpret this stipulation as conclusive as to Old KPC's intent. Fox Trot presented Old KPC's August 17, 1994 Notice of Election of Option to Purchase and the testimony of Duane Cook, DLX's former counsel and the current counsel of a Fox Trot entity, to show that Old KPC intended to purchase the Refuse Pile Tract. Notably, Fox Trot waited until it filed its post-trial brief to present this stipulation argument to the bankruptcy court. The bankruptcy court

was not persuaded by Fox Trot's efforts to establish Old KPC's intent to purchase and neither is this Court.

A finding of fact can be deemed clearly erroneous only when it is against the clear weight of the evidence. *West v. Fred Wright Constr. Co.*, 756 F.2d 31, 34 (6th Cir. 1985). Pursuant to Federal Rule of Civil Procedure 52, which, under Federal Rule of Bankruptcy Procedure 7052, applies in adversary proceedings, "due regard shall be given to the opportunity of the trial court to judge of the credibility of the witnesses." Fed. R. Civ. P. 52; *see Anderson v. City of Bessemer City, N.C.*, 470 U.S. 564, 575 (1985).

In this case, the finding that Old KPC, at the time it purchased the Estill County property from DLX in 1994, did not intend to purchase the Refuse Pile Tract is not against the clear weight of the evidence. The property leased to Old KPC by DLX in the 1994 lease agreement, evidenced by the orange border in Exhibit 1(a) to the lease agreement, did not include the Refuse Pile Tract. The Refuse Pile Tract was not permitted, and at the time of the transaction in 1994, the land was an environmental liability. Old KPC filed its Notice of Election of Option to Purchase all of the property highlighted in yellow on the Asset Register on August 17, 1994. At that time, much of the property highlighted in yellow had already been transferred to Old KPC at the August 4, 1994 closing, transferred to another company, Fox Mining Corporation, at an August 4, 1994 closing, or sold to other

parties. Although the tracts that make up the Refuse Pile Tract were highlighted in yellow on the Asset Register and Old KPC's notice stated that it was electing to purchase all of the Option Property, as noted *infra*, the 1994 deed did not describe the northern half of the Greater Part of the Refuse Pile Tract and described, but then excepted, the southern half of the tract. After sending its August 17, 1994 notice, Old KPC never requested or received any additional deeds that actually described the Refuse Pile Tract. The bankruptcy court concluded that Old KPC's notice did not evidence an intent on its part to purchase the Refuse Pile Tract. No evidence was presented to show that Old KPC intended to permit and use the Refuse Pile Tract. Furthermore, the bankruptcy court concluded that Mr. Cook's trial testimony was not of the quality and quantity required to persuade the court that Old KPC intended to purchase the disputed tract.

After carefully reviewing the bankruptcy court's findings, this Court concludes that the finding that Old KPC did not intend to purchase the Refuse Pile Tract was not clearly erroneous. The evidence supports the bankruptcy court's conclusion that DLX met its burden of bringing forth clear and convincing evidence that DLX and Old KPC intended to exclude the Refuse Pile Tract from the 1994 transaction.

## IV. CONCLUSION

Although the 1994 deed conveyed minor parts of the Refuse Pile

14

Tract to Old KPC, DLX established by clear and convincing evidence that the parties had actually agreed on different terms, that is, that the entire Refuse Pile Tract would be excluded from the transaction and that the border of the Refuse Pile Tract would be identical to the border of the leasehold.  Fox Trot's argument on appeal does not convince this Court that a different conclusion is warranted.

Based on the foregoing reasoning, the Court **AFFIRMS** the judgment of the bankruptcy court. Accordingly, **IT IS ORDERED** that the bankruptcy court's order granting relief to the Appellee and denying relief to the Appellant be, and the same hereby is, **AFFIRMED**.

This the 14th day of July, 2006.



**Signed By:**
*Joseph M. Hood*
**United States District Judge**